# IN THE U.S. BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re. | ) | |
|     5454 South Everett LLC | ) | Case No. 15-03376 |
| | ) | |
|     Debtor | ) | A Chapter 11 for Reorganization |
| | ) | Honorable Judge Jack B. Schmetterer |

## DEBTOR'S PLAN OF REORGANIZATION

Dated: February 2, 2015        5454 South Everett L.L.C.
                                                      5454 South Everett
                                                      Chicago, Illinois 60615

## DEFINITIONS

The following terms, when used in the Plan, unless the context otherwise requires, shall have the following meanings respectively:

1) "**DEBTOR**" shall mean the above listed debtor.

2) "**CHAPTER 11**" shall mean the Chapter 11 of the Bankruptcy Code for the above listed Entity.

3) "**REORGANIZATION CASE**" shall mean the Chapter 11 case for the reorganization of the above Debtor represented by a Voluntary Petition under Chapter 11 filed on 2/1/2015.

4) "**PLAN**" shall mean this Plan of Reorganization in this case in its present form or as it may be amended or supplemented.

5) "**CREDITORS**" shall mean all creditors of this Chapter 11 Debtor holding claims for liabilities, demands, or other claims of any character whatsoever against this Debtor or any of her assets.

6) **"SECURED CREDITORS"** shall mean all creditors who hold a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor.

7) **"COURT"** shall mean the United States Bankruptcy Court for the Northern District (Eastern Division) of Illinois, and/or any other Court of the United States which may have jurisdiction over this Chapter 11 Reorganization Cases.

8) **"CLAIM"** shall mean every type of claim owed by Debtor on the filing date, either secured, unsecured, or partially secured, and unsecured including priority amounts. Post-petition administrative amounts, and priority claims shall also be part of this definition. This includes claims of any kind and type held by Creditors herein.

9) **"ALLOWED CLAIM"** shall be the claim which is not marked disputed by this Debtor on its schedules or amendments thereto, or that claim by a creditor with a Proof of Claim filed herein which is objected to and such objections have been settled by the Court or that claim which is agreed to by the Debtor or that claim which is duly listed and timely filed and ordered paid by the Court. This definition relates to both administrative, priority, unsecured and secured claims.

10) **"EFFECTIVE DATE"** shall be the date on which the Order approving or confirming the Plan becomes final and non-appealable, plus 60 days.

11) **"CONFIRMATION OF THE PLAN"** shall mean that date on which a Final Order is entered by this Court confirming this Debtor's Plan in accordance with Chapter 11 of Title 11 of the U.S. Code.

12) **"CONSUMMATION OF THE PLAN"** shall mean the accomplishment of all things contained or provided for in this Plan, and where the pending claims objections have been settled and the subsequent entry of an Order of Consummation finally closing this Chapter 11 case.

13) The "**TILL RATE**" on Real Estate and Chattels. This Debtor believes that the rates to be used in a Chapter 11, if necessary in this case, are the appropriate "Till Rates." These rates are figured and based upon the ruling by the U.S. Supreme Court which the Debtor believes should be read to allow secured interest in this case at current prime rate plus 1% on a real estate asset and prime plus 2% on inventory, machinery, equipment, other chattels and intangibles. [See Till vs. SCS Credit Corp 541 U.S. 465, U.S. Supreme Court (2004.)]

## ARTICLE I

## CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to U. S. Bankruptcy Code Section 1122, the Plan shall classify claims and interests in the following manner and classes:

A. ADMINISTRATIVE CLAIM. Administrative Claims shall consist of all administrative expenses allowed by the Court in this Chapter 11 and entitled to priority pursuant to Bankruptcy Code 11 USC Section 503.

B. PRIORITY CLAIMS. Priority Claims shall consist of all unsecured claims of this Debtor Entity as entitled to priority pursuant to Bankruptcy Code 11 USC Sections 507(a) (3), (4), (5), (6), and (8) owed by this Debtor and which are unpaid at the Confirmation of the Plan.

C.     CLASS C Claimant is the Holder of the 1st Mortgage on the 25 Condominium Units and the corresponding Parking Spaces at 5454 South Everett, Chicago, Illinois, owned by this Debtor.

D.     CLASS D is the Holder of the Secured Claim as the result of an Attorneys Lien filed on the property at 5454 South Everett, Chicago, Illinois 60605.

E.     CLASS E the Claim of all the Unsecured Claimants holding unsecured claims in this Chapter 11.

## ARTICLE II

## CLASSES NOT IMPAIRED UNDER THE PLAN

Administrative Claims in Class A, and priority claims under Class B, will remain unaltered under the Plan.

## ARTICLE III

## CLASSES IMPAIRED UNDER THE PLAN

Secured Claims in Classes C and D and the unsecured claims in Class E are deemed impaired under the Plan.

## ARTICLE IV

## TREATMENT OF ADMINISTRATIVE AND PRIORITY CLAIMS

CLASS A Claimants who are holders of allowed Administrative Claims shall be paid at Confirmation and Class B Claimants holding the allowed Tax Claims and all other like prepetition allowed Claims under 11 USC Section 507 (a) (8) shall be paid over 60 months from the filing date, and paid from the income in this estate.

Payments due pursuant to 28 USC Section 1930 are paid current or shall be paid upon Confirmation.

## ARTICLE V

## TREATMENT OF SECURED CLAIMS

<u>CLASS C</u> Claimant, the Parkway Bank and Trust Co .which claims to hold a First Mortgage on 25 Condominium Units and the corresponding Parking Spaces in the building at 5454 South Everett, Chicago, Illinois, owned by this Debtor, will be paid post Confirmation under this Plan on the following schedule:

a.) The total allowed Secured Claim as found by this Court at a 506 (a) hearing or as agreed, will be paid as follows:

    (1) On a monthly basis commencing on the effective date based on the allowed Secured Claim amortized over 30 years with a "Till Rate" of Interest at 4 ¼ % for a period of 24 individual months; and then

    (2) These 25 Condominium Units and Parking Spaces will then be all sold on the following schedule and the allowed Secured Claim on each unit will be paid to the Class C Claimant on closing on the following schedule:

        (a.)The first three (3) units sold to be paid for on the effective date plus two years and three months; and

        (b.)The next three (3) units sold, to be paid for on the effective date plus 2 years and six months; and

(c.) The next six (6) units sold, to be paid for on the effective date plus 3 years; and

(d.) The next six (6) units sold, to be paid for on the effective date plus 3 years 6 months; and

(e.) The next seven (7) units sold, to be paid for on the effective date plus 4 years;

CLASS D Claimant, Schmidt, Salzman & Morgan who filed an Attorneys Lien on the property at 5454 South Everett, which has no secured value will be treated in Article VI, Class E Unsecured Claimants.

## ARTICLE VI

## TREATMENT OF GENERAL CLAIMS

Treatment of General Claims, the Class E Claimants will receive prorata the "disposable income" of the Debtor each year for 5 years as further provided for and set out under 11 USC Section 1129 (a) 15 (B).

## ARTICLE VII

## MEANS AND EXECUTION OF THE PLAN

The Debtor will continue to rent these Condominium Units until they are sold under the Plan after Confirmation.

## ARTICLE VIII

## **GENERAL PROVISIONS**

No payments shall be made within a Class or to a Class in which objections to claims in that class remain unresolved by the Court and no final Order has been issued. The payment date in this Class, if such dispute is not resolved at Confirmation, shall be adjusted to such final order date.

Nothing in this Plan, including any prior classification or treatment of the holders of a claim of any type, shall prevent this Debtor from bringing any actions at any time under Section 510 (c) of the Bankruptcy Code.

Until this case is closed, the Court shall retain jurisdiction in order to insure that the purpose and intent of this Plan are carried out. The Court shall retain jurisdiction:

1.) To hear and determine all claims, including both pre-petition and post-petition claims of any type and nature against this Debtor, and

2.) To enforce all causes of actions which may exist on behalf of this Debtor and their estate; and

3.) For administrative purposes; and

4.) For any and all normal and/or necessary modifications hereunder.

In the event that any class of claims does not accept the Plan, this Debtor requests that the Court confirm this Plan pursuant to Section 1129 (b) of the Bankruptcy Code.

All claimants submitting ballots and having allowed claims pursuant to this Plan shall agree to be bound by the Order of Confirmation so entered by this Court and/or any other Court of the United States having jurisdiction of this Debtor and his assets.

DATED:  February 2, 2015

                                          /s/ William L. Needler
                                          The Debtor's Attorney

ATTORNEYS THE DEBTOR
William L. Needler
William Needler Law, Ltd.
Bar ID # 2025248.
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
847-559-8330 phone
847-559-8331 fax
williamlneedler@aol.com

CO-COUNSEL
Richard Goldman
Bar ID #620699
555 Skokie Blvd.
Suite 500
Northbrook, IL 60062
847-564-7019
847-480-5740 fax
Goldmanlaw@hotmail.com