IN THE U.S. BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re. | ) | |
| | ) | |
| 5454 S. Everett, LLC | ) | Case No. 15-03376 |
| | ) | |
| Debtor | ) | A Chapter 11 for Reorganization |
| | ) | Honorable Judge Jack B. Schmetterer |

**NOTICE OF HEARING**

**To: Attached Service List**

  **PLEASE TAKE NOTICE** that Debtor/Debtor-in-Possession 5454 S. Everett, LLC (the "Debtor") has filed a Motion for Final Decree. This document may be inspected during usual business hours at the offices of the Clerk of the Bankruptcy Court or by request from the undersigned attorneys for the Debtor, and is available electronically through PACER (http://pacer.moeb.uscourts.gov) and is attached herein and served upon you. **If you are a creditor and did not receive a payment you expected on the "Effective Date" as set forth in the Debtor's Chapter 11 Plan/Disclosure Statement, please advise the undersigned attorneys for the Debtor IMMEDIATELY.**

  **TAKE FURTHER NOTICE that a hearing to consider approval of the Debtor's Motion For Final Decree will be held on December 29, 2015 at 10:00 a.m., before the Honorable Jack B. Schmetterer, or any Judge sitting in his stead, in Courtroom 682 of the United States Bankruptcy Court, or any other courtroom therein, 219 S. Dearborn Street, Chicago, Illinois. You are welcome, but not required, to attend this hearing.**

**CERTIFICATE OF SERVICE**

 I, O. Allan Fridman, hereby certify that I caused a copy of the following documents that to be served upon the following service list by mail on December 7, 2015.


               /s/   O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
 847-412-0788 (6274954)

1

## ADDRESS LIST

By ECF Filing

Patrick S Layng,
Office of the U.S. Trustee
Region 11
219 S Dearborn St
Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF
@usdoj.gov

Katie Gleason
Trial Attorney
Office of the United States
Trustee
219 S. Dearborn St., Room
873
Chicago, IL 60603

Tejal S. Desai
Latimer LeVay Fyock
LLC
55 W. Monroe Street
Suite 110
Chicago, IL 60606
312-284-6255
tdesai@llflegal.com

## By MAIL

5454 S Everett LLC
5454 South Everett
Chicago IL 60615

Akudo Nwankpa
5454 South Everett Apt 4D
Chicago IL 60615

Brandon Byrd
5454 South Everett Apt 2F
Chicago, IL 60615

Brittany Foster
5454 South Everett Apt 4F
Chicago, IL 60615

Cagan Realty
3856 West Oakton Street
Skokie, IL 60076

Cagan Realty
3856 West Oakton Street
Skokie IL 60076

Chanell Davis Rental
5454 South Everett Apt 5D
Chicago, IL 60615

Chicago Apartment
Finders

1740 East 55th Street
Chicago IL 60615

Christie Thomas
5454 South Everett Apt 4G
Chicago, IL 60615

Christin Plunkett
5454 South Everett Apt 2G
Chicago, IL 60615

Christopher Ramel Strong
5454 South Everett Apt 2D
Chicago, IL 60615

Dan Matis
2841 W. Arthur # 3
Chicago, IL 60645

Daniel Crisan
6613 N. Maplewood
Chicago, IL 60645

Daniel Olari
7038 West Byron
Chicago IL 60634

Diane West
5454 South Everett Apt 3H
Chicago, IL 60615

Diego Recinos Rental
5454 South Everett Apt 3E
Chicago, IL 60615

Everett Place
Condominium Association.
5454 South Everett
Chicago, IL 60601-5000

Felipe Gaitan
5454 South Everett Apt 5A
Chicago, IL 60615

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA., 19101-7346

J.L.J. Development Co.
6943 N. Kolmar
Lincolnwood, IL 60712

Jennifer Taite
5454 South Everett Apt 3C
Chicago, IL 60615

Kira Brown
5454 South Everett Apt 4E
Chicago, IL 60615

Lorie Morris

2

5454 South Everett APT 2
C
Chicago, IL 60615
(23005632)

Luke Duroc-Danner
5454 South Everett APT
5E
Chicago, IL 60615
(23005633)

Lulu Kang
5454 South Everett Apt 3B
Chicago, IL 60615
(23005626)

Mercedius Jones
5454 South Everett Apt 2E
Chicago, IL 60615
(23005630)

Naila Kress
5454 South Everett Apt 3A
Chicago, IL 60615
(23005627)

Natasha Ayers
5454 South Everett Apt 3G
Chicago, IL 60615
(23005624)

Olumuyiwa Idowu
5454 South Everett Apt 4B
Chicago, IL 60615
(23005623)

Parkway Bank And Trust
Co.
Latimer LeVay Fyock
LLC
55 W. Monroe Street, Suite
1100,
Chicago, Illinois 60603
(22885484)

Rebecca Wellmann Rental

5454 South Everett Apt 2B
Chicago, IL 60615
(23005641)

Schmidt, Salzman &
Moran
C/O Theordore J. Schmidt
(Reg. Agent)
111 West Washington, Ste
1300
Chicago, IL 60602
(22885485)

Sean Filipov
5454 South Everett Apt 3D
Chicago, IL 60615
(23005625)

Stellios Karagiannis
5454 South Everret Apt 4C
Chicago IL 60615
(23005622)

Udo Massaharv
5454 South Everett Apt 5B
Chicago, IL 60615
(23005635)

William Needler Law Ltd
555 Skokie Blvd Ste 500
Northbrook IL 60062

2

IN THE U.S. BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re. ) | |
| ) | |
| 5454 S. Everett, LLC ) | Case No. 15-03376 |
| ) | |
| Debtor ) | A Chapter 11 for Reorganization |
| ) | Honorable Judge Jack B. Schmetterer |

**THE DEBTOR'S MOTION
FOR FINAL DECREE**

Now comes the Debtor, 5454 S. Everett, LLC ("Debtor"), Now comes the Debtor, Kenneth Michael Jacobs through his attorney, O. Allan Fridman (the "Attorneys"), respectfully seeks the entry of a final decree closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"). In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

1. On February 2, 2015, ("Petition Date") the Debtor filed his voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").

2. On October 20, 2015, the court entered its Order Approving the Amended Disclosure Statement for Debtor's Fourth Amended Plan of Reorganization Dated October 13, 2015 and confirming Debtor's Plan of Reorganization Dated [Docket No. 162] (the "Confirmation Order").

**RELIEF REQUESTED**

1

1. Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

2. Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

## BASIS FOR RELIEF

3. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

   a) the order confirming the plan has become final;
   b) deposits required by the plan have been distributed;
   c) the property proposed by the plan to be transferred has been transferred;
   d) the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
   e) payments under the plan have commenced; and
   f) all motions, contested matters, and adversary proceedings have been finally resolved.

4. Various courts have viewed these factors as a guide for determining whether a case should be closed. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc*., 212 B.R. 220, 223- 24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters*., Inc., 207 B.R. 536, 538- 39 (Bankr. E.D. Ky. 1997) (same). See *In re Jr. Food Mart of Ark., Inc*., 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section

2

1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

5. Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In *re BankEast* Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assocs., 164 B.R. at 492. Section 1101(2) defines substantial consummation as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
> (c) commencement of distributions under the plan.

11 U.S.C. § 1101(2); see also *In re JMP-Newcor Int'l, Inc*., 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain disbursements remained to be made); *In re Mold Makers, Inc*., 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc*., 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a court should not delay entry of final decree simply because all payments under the plan have yet to be made).

6. Local Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as

3

follows:

| Class | Treatment | Status of Payments/ Dates of Distribution |
|---|---|---|
| Class 1 Administrative and Expense | Unimpaired | Payments Made pursuant to Plan |
| Class 3 Secured Claims of Secured Claim of Parkway Bank | Impaired | Payments made according to terms of plan |
| Class 4 Unsecured Deficiency Claim of Parkway Bank | Impaired | Paid in Full |
| Class 5 General Unsecured Claims of 5454 S Everett | Impaired | Payments to begin on the Effective |
| Class 6 Secured Claim Everett Place Condominium Association | Impaired | Payments made according to terms of plan |

7.   In this case, the Confirmation Order has become a final order. The initial payments have been made as shown by Exhibit 1. All claims objections have been resolved. Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as provided by the express language of section 350(a) of the Bankruptcy Code.

**NOTICE**

8.   Notice of this Motion, has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

9.   No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

4

                                          Respectfully Submitted,

                                          By: /s/ O. Alan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
(847)412-0788
6274954

5